TELA P. TAGOA'I, Appellant

v.

SOLI AOELUA, Appellee

High Court of American Samoa
Appellate Division

AP No. 7-89

August 16, 1989

Before REES, Associate Justice, CANBY,[*] Acting Associate Justice, THOMPSON,[**] Acting Associate Justice, and OLO, Associate Judge.

---

[*] Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

Counsel: For Appellant, Togiola T.A. Tulafono
For Appellee, Charles V. Ala'ilima

Per Canby, J.:

This case comes to us from the Land & Titles Division, where Tela P. Tagoa'i offered to register 5.62 acres of land as communal property of the Tela family, of which he is the senior matai, Soli Aoelua objected on the ground that Tela's survey included land belonging to the Aoelua family.

The trial court held that a substantial portion of the 5.62 acres was a part of a tract entitled "Failafua," which was ordered registered to the Aoelua family in *Aoelua v. Tela*, LT No. 31-80 (1982), affirmed, *Tela v. Aoelua*, AP No. 48-82 (1982). Tela's claim for registration of that portion was accordingly denied, [*Aoelua v. Tela*, 10 A.S.R.2d 20 (1989).]

Aoelua did not object to Tela's claim to the portion of land in Tela's survey lying to the north of "Failafua," and the Land & Titles Division permitted Tela to register that land.

There was an additional southern and small portion of the land in Tela's survey that was outside the previous adjudication, but was contiguous to the land awarded to Aoelua in 1982. This land was claimed by Aoelua on the ground that it was communal land of the Aoelua family, like the adjoining tract. Tela contested this claim on the same ground that he had urged in the 1982 litigation: that the Aoelua title was a lesser matai of the Tela family. The trial court pointed out that this theory had been rejected in the 1982 litigation. It also held that a preponderance of the evidence showed actual and habitual occupation of the disputed southern portion by members of the Aoelua family. Tela was accordingly denied registration of the contested southern portion. Tela now appeals.

Tela does not dispute the occupation of the disputed southern tract by members of the Aoelua family. He argues very strongly, however, that they cannot hold the land independently for the Aoelua family because the Aoelua title is a lesser matai of the Tela family. Consequently, he contends, they occupy the land as communal property of the Tela family.

41

The difficulty with Tela's argument is that it is precisely the same issue of fact that was decided between the same parties in the 1982 litigation. Indeed, the only point made by the Appellate Division in affirming the 1982 decision of the Land & Titles Division was that the two titles were separate and that the Aoelua family was capable of holding communal land in its own name independently of the Tela family. Because that issue was actually litigated by the same parties in the 1982 case, and its resolution was essential to the court's decision, Tela is collaterally estopped from denying the separate and independent nature of the two titles today. Restatement (Second) of Judgments § 27.

Tela also argues that the 1982 decision itself should be reconsidered. He contends that it was wrongly decided, and that even today the Aoelua title is recognized as a lesser title of the Tela family. The 1982 decision, Tela contends, was so contrary to custom that it violates the Treaty of Cession, under which the United States was obligated to protect Samoans' rights to their lands.

All of Tela's arguments either were presented or should have been presented to the Land & Titles Division and the Appellate Division in the 1982 litigation. With regard to the lands subject to the 1982 litigation, the court's decision is res judicata. It would be totally contrary to the principles of finality underlying the judicial process to relitigate a matter that was fully litigated seven years ago. We decline to revisit the matter.

Tela finally contends that the 1982 decision permitting Aoelua to register "Failafua" was in violation of A.S.C.A. § 37.0101, which provides that land should not be registered when a competing application for registration is pending. This, too, is an argument that should have been addressed to the Land & Titles Division during the 1982 litigation. The 1982 decision is res judicata even if a mistake of law was made. *See Fauntleroy v. Lum*, 210 U.S. 230, 237 (1908); 46 Am. Jur. 2d Judgments § 641 & n.7 (1969).

Nothing in § 37.0101 renders void a final judgment entered in violation of its terms, or otherwise permits a collateral attack on that judgment. Moreover, the purpose of § 37.0101 is to preclude registration of land without the opportunity of competing claimants to be heard. Tela was an objector to Aoelua's 1982 registration, and his

competing claim was fully heard and decided. He cannot have been prejudiced by the court's failure, if failure it was, to determine his competing application for registration at the same time.

The judgment of the Land & Titles Division is in all respects AFFIRMED.